LEON M. BELL, Appellant, *v.* THE BROOKLYN UNION GAS COMPANY, Respondent.

Second Department, November 12, 1920.

Gas and electricity — negligence — injury by explosion of illuminating gas — duties of gas company toward customers — erroneous nonsuit.

A company engaged in distributing illuminating gas, when installing a meter on the premises of a customer in place of one which was claimed to be defective, must take care commensurate with the dangers likely to follow from the escape of inflammable gas.

While its liability ordinarily does not extend to the condition of the owner's piping or fixtures, if the gas company has knowledge that said pipes are leaking to a dangerous extent, it may be answerable for letting its gas flow through such unsafe and defective channels.

Hence, it is error to grant a nonsuit in an action brought to recover for damages caused by the explosion of illuminating gas where the evidence would justify a finding that an employee of the defendant, who had installed a new meter, found that it was registering although no gas was being burned, and having taken down a fixture of the owner, negligently replaced it so as to allow gas to escape.

APPEAL by the plaintiff, Leon M. Bell, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 9th day of December, 1919, dismissing the complaint at the close of the plaintiff's case after a trial at the Kings County Trial Term, and also from an order made at the Kings County Special Term bearing date the 15th day of October, 1919, and entered in said clerk's office, denying plaintiff's motion for a new trial made upon the minutes.

Plaintiff sues for damages from an explosion of gas on the morning of September 11, 1919, at an apartment occupied by his family at 125 Fountain avenue, Brooklyn. Plaintiff's mother had complained of the amount of the gas bills by letter and personally at defendant's office. On the tenth of September defendant's representative visited the cellar of the building where plaintiff lived and afterwards that day a new meter was installed. After coming up from the cellar, the defendant's representative went through the rooms examining

Second Department, November, 1920.          [Vol. 193.

the pipes, and then returned to the meter. Coming up again, he asked plaintiff's mother if she had been using any gas. When she said no, he remarked that it was strange, as the meter was registering. Going again into the rooms, he took hold of the fixtures and gas pipes. Entering the bathroom (where the explosion later occurred), he took down the fixture and pipe which after about three minutes he replaced. As he was leaving, he said that the odor of gas was from such removal of the fixtures, but that it would disappear.

The following morning, when plaintiff struck a match in the bathroom, an explosion occurred that shook the building and started a fire. A plumber, called in, found a leak at the joint or coupling where the fixture was screwed into the pipe in the wall. The next day a representative of defendant came and took this fixture away. At the close of these proofs the complaint was dismissed.

*Julius S. Belfer* [*Charles J. Belfer* with him on the brief], for the appellant.

*Edward J. Byrne,* for the respondent.

PUTNAM, J.:

Considering this leak at the joint where the fixture was attached, the jury could have found that the explosion was caused by the act of removing and replacing this fixture the day before. As a distributor of illuminating gas, defendant was required to take care commensurate with the dangers likely to follow from the escape of inflammable gas. (*Schmeer v. Gas Light Co.,* 147 N. Y. 529; *Koelsch* v. *Philadelphia Co.,* 152 Penn. St. 355.) But this liability ordinarily does not extend to the condition of the owner's piping or fixtures. If, however, the gas company has knowledge that such pipes are leaking to a dangerous extent, it may be answerable for letting its gas flow through such unsafe and defective channels. Here there was an observation that the meter had begun to register. When it was found that no gas had been burned, a leak would be inferred. Defendant may be answerable if in testing to locate such leak its employee took down any fixture and negligently left it with an opening for escaping gas. (*Lannen* v. *Albany Gas-Light Co.,* 44 N. Y. 459; 1 Bevan

Neg. [3d ed.] 400; *Parry* v. *Smith*,. L. R. 4 C. P. Div. 325.) Hence, I think the plaintiff made out a *prima facie* case.

I advise, therefore, that the judgment and order be reversed and a new trial granted, with costs to abide the event.

JENKS, P. J., MILLS, BLACKMAR and KELLY, JJ., concur.

Judgment and order reversed and a new trial granted, with costs to abide the event.