No. 41,637

SIBYL SNEED, *Appellant,* v. KFH BUILDING, INC., and ELIZABETH WETMORE MCLAUGHLIN, *Appellees.*

(349 P. 2d 950)

Opinion filed March 5, 1960.

*Pat Warnick* and *Alan B. Phares,* both of Wichita, were on the briefs for the appellant.

*William Tinker* and *Darrell D. Kellogg,* both of Wichita, argued the cause, and *W. Getto McDonald, Arthur W. Skaer, Hugh P. Quinn, William Porter, Alvin D. Herrington,* and *Richard T. Foster,* all of Wichita, were with them on the briefs for appellee Elizabeth Wetmore McLaughlin.

The opinion of the court was delivered by

ROBB, J.: This is an appeal from an order of the trial court sustaining the general demurrer of defendant, appellee McLaughlin, to plaintiff's evidence and entering judgment for defendant for costs in a tort action wherein recovery of damages was sought for plaintiff's personal injuries proximately caused by defendant's negligence.

Plaintiff testified that a few minutes before 12:00 on October 24, 1956, she went to the Merle Norman Cosmetics Shop where she purchased and paid for a compact. Mrs. Berry accompanied plaintiff and, as they went into the shop, it was difficult to get in the heavy glass door, and when they came out they both had to pull on the door to open it. As soon as they opened it and "got out," they tried to hold the door, the door slammed, and the glass therein flew out and cut plaintiff's leg. She had not been in that store before but had "traded with them when they were at another location." She did not know whether the door had a control device on it. This testimony was corroborated by Mrs. Berry.

The following colloquy and stipulation was made between counsel:

"Mr. Warnick: If the Court please, it's my understanding that counsel will stipulate that immediately after this incident occurred that the device which is attached to the door, control device, was torn loose from the door and at the time the door slammed that it tore it loose as it slammed.

"Mr. Tinker: Well, I can't say what caused it. I can say that we will stipulate and agree that the door closer after the door slammed shut was loose from the door; it was still fastened to the wall, to the jamb of the door, the hinge.

"Mr. Warnick: That is, the long arm was attached to the jamb.

"Mr. Tinker: But had pulled off from the door, yes.

"The Court: The record shows the stipulation."

Defendant demurred for the reason that plaintiff's evidence failed to state a cause of action. At this point in the proceedings plaintiff's witness, her employer, Mr. Theis, arrived and plaintiff's counsel asked to reopen. The testimony of Mr. Theis, in substance, showed that on October 24, 1956, Mrs. Berry called him from the doctor's office and told him plaintiff had received a severe cut on her leg. He went first to the doctor's office; then went down and observed the door, which "had been torn clear out from its hinges where they catch." It came from the wall side. As he recalled, the installation was temporary and at the time it seemed "it was a wood block that was put up· there on the door because they were just finishing up." He believed the building was just finishing for a new occupant at the time. It seemed like a temporary installation the way it was pulled completely out. All the screws were still on the door but all had come clear out of the wall.

The trial court sustained defendant's demurrer and entered judgment for defendant for costs.

We cannot agree with defendant's theory that this record presents only conjectural evidence or inferences upon inferences. The sole issue is whether there is sufficient evidence to establish prima facie negligence on the part of the defendant, McLaughlin.

In determining the sufficiency of evidence when attacked by demurrer in an action to enforce a trust, this court held ". . . the evidence adduced to establish the trust relied on was sufficient as against a demurrer based upon the premise such evidence did not prove or tend to prove a cause of action in favor of plaintiffs and against the defendants," (Syl. ¶ 2) after recognizing and applying the established rule that ". . . the trial court does not weigh the evidence but is bound to give all the favorable evidence the

most generous credence and disregard all evidence contrary thereto." (Syl. ¶ 1.) (*In re Estate of Dieter*, 172 Kan. 359, 239 P. 2d 954.)

The general rule is later stated in a tort action based on negligence in *Milwaukee Ins. Co. v. Gas Service Co.*, 185 Kan. 604, 347 P. 2d 394:

"On a demurrer to the evidence this court is called upon to review only the sufficiency of the evidence and not to weigh it for the purpose of rendering a decision on the merits of the action, and this same duty is incumbent on the trial court. In testing the sufficiency of evidence as against a demurrer, the court shall consider all of the evidence as true, shall consider that favorable, together with all reasonable inferences to be drawn therefrom, and shall disregard that unfavorable and shall not weigh any part that is contradictory nor weigh any difference between direct and cross-examination, and shall give the evidence a liberal construction resolving all doubt against the party making the demurrer and if, so considered, there is any evidence which supports or tends to support the case on any theory, the demurrer shall be overruled." (Syl. ¶ 1.)

See, also, Dassler's Kansas Civil Code Annotated, sup. ed., Procedure at the Trial, Chap. 69, § 30, p. 636, *et seq.*; 9 West's Kansas Digest, Part 1, Trial, § 156; 5 Hatcher's Kansas Digest, rev. ed., Trial, §§ 148-157, inclusive.

When the above rules are considered and applied to plaintiff's evidence and stipulation of counsel, they were sufficient to establish a prima facie case of negligence and the trial court erred in sustaining the demurrer and entering judgment thereon in favor of defendant for costs. Likewise it was further error for the trial court to overrule plaintiff's motion for new trial.

The judgment of the trial court sustaining the demurrer to plaintiff's evidence and entering judgment for defendant is reversed and the cause remanded for new trial in accordance with the views herein expressed.