SUITER, APPELLEE, v. THE OHIO VALLEY GAS CO., APPELLANT.

[Cite as Suiter v. Ohio Valley Gas Co., 10 Ohio St. 2d 77.]

(No. 40154—Decided April 12, 1967.)

*Messrs. Spears & Moore, Mr. Lloyd E. Moore* and *Mr. J. Earl Pratt*, for appellee.

*Messrs. Edwards & Klein, Mr. H. M. Edwards* and *Mr. Roger Strauss*, for appellant.

MATTHIAS, J. The sustaining of the motion to strike plaintiff's allegation that defendant was negligent in failing to insert

a malodorant into its natural gas and the subsequent dismissal of plaintiff's petition give rise to the present appeal.

The question presented is whether a petition alleging that the defendant gas company was negligent in failing to insert a malodorant into its natural gas fails to state a cause of action and is subject to a motion to strike. We hold that such allegation states a cause of action and is, therefore, not subject to a motion to strike.

It is a matter of common knowledge that although gas is a highly useful commodity it is also a dangerous commodity with a marked tendency to escape from its proper confines. Because gas is transmitted under pressure, a slight break in a line or a misfitting pipe may allow it to escape in a sufficient quantity to endanger human life by asphyxiation, fire or explosion. It is also a matter of common knowledge that gas often escapes in residential areas either because of leaks in the lines or the failure of pilot lights in gas appliances.

Innumerable jurisdictions have held on many occasions that "[g]as is an inherently dangerous substance and it is incumbent upon those who deal in it to use care commensurate with its harmful nature." *Parkinson* v. *California Co.* (10 Cir.), 233 F. 2d 432. *Winkler* v. *Macon Gas Co., Inc.*, 361 Mo. 1017, 238 S. W. 2d 386; *Richey & Gilbert Co.* v. *Northwestern Nat. Gas Corp.*, 16 Wash. 2d 631, 134 P. 2d 444; *Applegate* v. *Portland Gas & Coke Co.*, 142 Ore. 66, 18 P. 2d 211; *Doxstater* v. *Northwest Cities Gas Co.*, 65 Idaho 814, 154 P. 2d 498; *Ambritz* v. *Petrolane Ltd.*, 49 Cal. 2d 470, 319 P. 2d 1.

This concept was recognized and adopted by this court in *Northwestern Ohio Natural Gas Co.* v. *First Congregational Church of Toledo*, 126 Ohio St. 140. In the fourth paragraph of the syllabus it is said:

"By reason of the highly dangerous character of gas and its tendency to escape, a gas company must use a degree of care, to prevent the escape of gas from its pipes, commensurate with the danger, and if it fails to exercise this degree of care and injury results therefrom, the company is liable, provided the person suffering the injury either in person or in property is free from contributory negligence; and whether, under all the circumstances of a case, a defendant gas company has used such

degree of care is a question to be submitted to the jury, under proper instructions, if there be evidence in the record tending to show every essential element necessary to create a liability or evidence of facts from which a reasonable inference might be drawn to support such elements necessary to create such liability.''

Thus, we reach the question of the degree of care imposed upon a gas company considering the facts at hand. Plaintiff insists that it includes insertion of a malodorant into the normally odorless natural gas. Defendant gas company argues ''that natural gas has an odor of its own * * * [which] odor [is] known to all people,'' and, therefore, a malodorant would be superfluous. Since the question was decided in favor of defendant as a matter of law in response to a motion directed toward the pleadings, there is no evidence in the record as to whether natural gas, of itself, does have a distinct odor. However, the issue is one capable, at least in a theoretical sense, of scientific determination. Thus in 9 McGraw-Hill Encyclopedia of Science and Technology (1960), 5, one finds the statement that ''[i]t [i. e., natural gas] has no distinct odor.'' 16 Encyclopedia Britannica (1961), 162 B, further states that ''[n]atural gas has no odour, so that *chemical odorants are added to aid in detecting leaks * * *.*'' (Emphasis added.)

With this in mind, at least one court has held that ''it is settled law that because of the dangers from the escape of natural gas and the fact that in its natural state it has no betraying odor, odorization before being distributed to consumers is proper, indeed necessary * * *.'' *Villa Rica* v. *Couch* (5 Cir.), 281 F. 2d 284, 288.

However, this determination goes beyond that which we are required to make in this case. Here we are confronted with a question of fact which should be determined by the trier of facts, i. e., whether defendant's gas had a discernible odor. If it did not, and it would not if it were in its pure state, then it would have been virtually impossible for plaintiff to have discovered that gas was escaping into her home. Therefore, mindful of the dangerous properties of natural gas, and the proposition of law stated in *Soltz* v. *Colony Recreation Center*, 151 Ohio St. 503, 510, by Taft, J., that ''the amount of care required

to constitute ordinary care, is commensurate with the danger involved,''* a jury might determine that the defendant was negligent in failing to properly odorize its natural gas and that such failure was the proximate cause of the explosion and fire.

Therefore, we hold that a petition in a negligence action which alleges that a defendant supplier of natural gas was negligent in that he failed to insert a malodorant into such gas before delivery to the consumer, which negligence was a proximate cause of the injuries of which he complains, states a cause of action which is good against a demurrer or a motion to strike.

Therefore, it necessarily follows that the trial court erred in granting defendant's motion to strike and in granting judgment to the defendant, and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, HERBERT, SCHNEIDER and BROWN, JJ., concur.

O'NEILL, J., dissents.

---

*We note with approval the jury instruction set forth in 1 Ohio Jury Instructions (Ohio Judicial Conference), Section 7.15, as follows:

"7.15 Ordinary Care Under Dangerous Circumstances

"a The defendant distributes and sells (gas) (electricity) for domestic and commercial purposes. (Gas) (electricity) is an inherently dangerous substance. By reason of its highly dangerous character (and its tendency to escape), the defendant in the use of ordinary care (previously defined for you) must use (an amount) (a degree) of care as is proportionate to the danger. It must use such care as reasonably prudent and skilled persons, engaged in the same business, would use under like circumstance . . . . . . . to (install), (inspect), (maintain) and (control) its equipment which convey (gas) (electricity) in large quantities for ultimate use by its customers.

"b A failure to use this (degree) (amount) of care constitutes negligence."