LOUIS WOLFF vs. BUZZARDS BAY GAS COMPANY.

Barnstable.   March 7, 1967. — June 30, 1967.

Present: SPALDING, WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Negligence,* Gas.

In an action against a gas company for loss of the plaintiff's house and its contents from a fire due to gas leaking from a broken valve in the gas service pipe on the premises, a finding of negligence on the part of the defendant was warranted by evidence that several times during a season before the fire when the house was unoccupied the plaintiff wrote the defendant inquiring why he was receiving bills for gas consumed in the house and on one occasion requested the defendant to send someone there to investigate, but that the defendant failed to make any check to ascertain whether the consumption of gas was due to a leak.

TORT.   Writ in the Superior Court dated October 11, 1961.

There was a verdict for the plaintiff at the trial before *Bolster, J.* The defendant alleged an exception to the denial of its motion for a directed verdict.

*John Larkin Thompson (Paul J. Dolan* with him) for the defendant.

*Richard C. Anderson* for the plaintiff.

REARDON, J.   The plaintiff brought this action of tort to recover for loss sustained by him in a fire which destroyed a house and contents located in Falmouth and owned by him.   The house was unoccupied from September 5, 1960, until May 31, 1961, when the fire occurred.   A plumber employed by the plaintiff shut off the water and gas in the fall of 1960.   Thereafter, over a period of months during the winter and spring, the plaintiff received bills from the defendant company for gas furnished to the premises.   To each of these he replied in writing that the house was unoccupied and indicated that he could not understand why he was receiving the bills, most of which he paid.   The defendant company answered on a number of occasions that if he would arrange to have a key made available it would

check the premises. In fact, a gas line ran from a street gas main to the premises, entering through the foundation of the house into a crawl space in the cellar. There was a shut off valve in the street as well as another valve on the street side of the gas company meter which was located in the crawl space. The door to the crawl space was not, and could not be, locked.

On May 19, 1961, the plaintiff wrote to the defendant company that he would be at the premises on May 24 about 1 P.M. and that he desired a gas company representative to meet him there to check the meter and the cause of gas consumption. He and his wife went to the premises on that day and waited two or three hours but no representative of the defendant appeared. "When he left the house in September of 1960, there was not any flame going [in the house] as far as he knew. When he entered the house in May, 1961, so far as he could tell, the house and all the appliances were in the same condition as they had been in when he last left it in September of 1960." On the day of the fire, a licensed plumber and gas fitter went to the house to turn on the water, gas and electricity. While in the crawl space he noticed the odor of gas. He endeavored to turn off the valve on the street side of the meter with a wrench and the valve core came off in his hand. The Falmouth fire chief found this valve to have been broken off, with evidence of corrosion where the break occurred. The flow of gas into the house was shut off at the street service box during the fire. The fire was described by the gas inspector for Falmouth as being fed by gas, a condition which he observed upon his arrival at the blaze. From the date when it received the plaintiff's first letter, dated October 19, 1960, the defendant made no investigation of the situation.

The defendant has excepted to the denial of its motion for a directed verdict. The motion presents the question whether there was any evidence viewed in the light most favorable to the plaintiff that would support his cause of action. *Howes* v. *Kelman,* 326 Mass. 696, 697, and cases cited.

The jury could have found that the defendant failed to employ the reasonable care required to prevent the escape of gas into the plaintiff's house "and that degree of care, in view of the dangerous character of gas and its tendency to escape . . . commensurate with the danger that would probably result if such care were lacking." *Barbeau* v. *Buzzards Bay Gas Co.* 308 Mass. 245, 247, and cases cited. Over a period of months the defendant had received a series of communications from the plaintiff indicating an unexplained consumption of gas on closed and unoccupied premises. Cf. *Bell* v. *Huntington Dev. & Gas Co.* 106 W. Va. 155. On one such occasion the plaintiff notified the defendant that he would be on the premises and requested that it send a representative to investigate. This request went unheeded. It was open to the jury to find that these communications placed the defendant on notice that circumstances existed which necessitated checking. The company should have known that a possible cause of the gas consumption was likely to be leaking gas. Due diligence required that the defendant make an investigation of the equipment under its control and remedy any defects discovered. *D'Entremont* v. *Boston Consol. Gas Co.* 320 Mass. 582, 583, and cases cited. Any investigation of the premises would have revealed that access to the interior of the cottage was totally unnecessary to permit the defendant to inspect the meter and gas lines within its control. Moreover, as a result of these communications the defendant could have taken at any time the simple precaution of turning off the gas at the street. See *Buono* v. *Boston,* 290 Mass. 59, 61–62; *Stewart* v. *Worcester Gas Light Co.* 341 Mass. 425, 433. This was easy of accomplishment as demonstrated at the time of the fire.

We view the picture here as differing from that in *Musolino LoConte Co.* v. *Boston Consol. Gas Co.* 330 Mass. 161, which has been cited to us by the defendant. There the evidence presented "the mere facts of the escape of gas from a broken or cracked main laid many years before." P. 163. The court in that case stated: "It is hardly neces-

sary to emphasize that if the case disclosed any evidence beyond the bare facts of a break and escape of gas a quite different question would be presented." P. 165. There was such evidence here. There was no error..

*Exceptions overruled.*