■ NETTIE C. ROYAL, Respondent, v BROOKLYN UNION GAS COMPANY, Appellant, and WELBILT STOVE CO., INC., et al., Respondents.—In an action to recover damages for personal injuries, the defendant Brooklyn Union Gas Company appeals from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated June 17, 1985, as denied its cross motion for summary judgment dismissing the complaint as against it.

Order affirmed insofar as appealed from, with costs.

The plaintiff commenced this action against the appellant Brooklyn Union Gas Company, a distributor of natural gas; the Welbilt Stove Company (hereinafter Welbilt), the manufacturer and distributor of her approximately 20-year-old stove; and her landlord, to recover damages for personal injuries sustained when the stove in her kitchen "blew up" as she attempted to light the oven. The defendants asserted various cross claims against one another.

The defendant Welbilt's subsequent motion for summary judgment dismissing the complaint and cross claims insofar as asserted against it was granted and the appellant's cross motion for the same relief was denied. The appellant maintains that Special Term erroneously denied its motion for summary judgment. We disagree.

The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case. Failure to make such a showing requires denial of the motion, regardless of the insufficiency of the opposing papers *(see, Winegrad v New York Univ. Med. Center,* 64 NY2d 851; *Clott v Kings Highway*

*Community Hosp.,* 120 AD2d 634). Here, the appellant failed to establish that its employees did not negligently perform repairs on the plaintiff's stove. Quite to the contrary, the examinations before trial of the appellant's employees revealed a blockage of the flash tube in the oven, which had been discovered only two days subsequent to the accident, and the likelihood that this portion of the oven was not inspected during a service call regarding a gas leak only one month earlier. Moreover, the appellant's serviceman testified that a clogged flash tube could cause both an escape of gas and a malfunction of the oven. Thus, the question as to whether the conduct of the appellant's employees amounted to negligence was properly determined to be one for the trier of fact *(see, e.g., Bell v Brooklyn Union Gas Co.,* 193 App Div 669; *Doster v Binghamton Gas Works,* 197 Misc 810).

The appellant also challenges that portion of the order which granted the codefendant Welbilt's motion for summary judgment dismissing the complaint and the cross claim asserted against it by the appellant. However, the notice of appeal specified that the appeal was limited to that part of the order denying the appellant's cross motion for summary judgment. An appeal from only part of an order constitutes a waiver of the right to appeal from the other parts of that order (CPLR 5515 [1]; *Christian v Christian,* 55 AD2d 613). Accordingly, this claim is not properly before us. Mollen, P. J., Lazer, Thompson and Kunzeman, JJ., concur.