■ RALPH DiCLEMENTE, as Administrator of the Estate of BEVERLY DiCLEMENTE, Deceased, Respondent-Appellant, v SOUTHSIDE HOSPITAL et al., Respondents, and MICHAEL KARP, Appellant-Respondent, et al., Defendants. [634 NYS2d 206] —In a medical malpractice action to recover damages for wrongful death, the defendant Michael Karp appeals from so much of an order of the Supreme Court, Suffolk County (Seidell, J.), entered July 11, 1994, as granted the branch of the plaintiff's motion which was to amend the complaint to add a cause of action for punitive damages against him, and the plaintiff cross-appeals from so much of the same order as denied that branch of his motion which was for summary judgment on the issue of liability against the defendants Southside Hospital, Medical Arts Radiology Group, P. C., and Michael Karp.

Ordered that the appeal is dismissed for failure to perfect the appeal in accordance with the rules of this Court *(see,* 22 NYCRR 670.8 [a], [e]); and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the defendants Southside Hospital, Medical Arts Radiology Group, P. C., and Michael Karp, appearing separately and filing separate briefs, are awarded one bill of costs.

On July 20, 1984, Beverly DiClemente was treated by the defendant Michael Karp, M.D., at which time she complained of chest pains and difficulty in breathing. She again made the same complaints to Dr. Karp on August 9, 1984, and September 10, 1984, and after the later visit had chest X rays taken at the defendant hospital by the defendant Radiology Group. The X rays were interpreted by a doctor of the Radiology Group. However, these findings and recommendations were not timely communicated to Dr. Karp, the hospital emergency room staff, the Hospital Employee Health Department, or to Ms. Di-

Clemente. On February 1, 1985, Ms. DiClemente was admitted to Southside Hospital with a diagnosis of Papilledema and Oat Cell Carcinoma. Another chest X ray was taken and it revealed that the size of the mass had increased from the time of the first X ray. As of result of her illnesses, Ms. DiClemente died on April 5, 1986. This medical malpractice suit was initiated by the administrator of the estate, the plaintiff Ralph Di-Clemente. The plaintiff moved for summary judgment as to the liability of the defendants for their alleged failure to timely diagnose and treat the illnesses of Ms. DiClemente. The motion was denied.

On appeal, the plaintiff contends that there were no issues of material fact precluding granting of the motion for summary judgment. We disagree. The denial of summary judgment was proper. The evidence in the record does not establish the plaintiff's entitlement to judgment as a matter of law. There are issues of fact, *inter alia,* as to Dr. Karp's duty, if any, to Ms. DiClemente under the circumstances presented. In addition, questions of fact exist as to what effect, if any, the alleged delay in the communication of the radiological report had on Ms. DiClemente *(see, Royal v Brooklyn Union Gas Co.,* 122 AD2d 132). O'Brien, J. P., Pizzuto, Santucci and Joy, JJ., concur.