Richard Armstrong, appellant, appeals from an order of the Madison County Common Pleas Court which ordered partition of property appellant owned as a tenant-in-common with appellee, Judith K. Green. We affirm the trial court's order of partition and proposed distribution of proceeds after sale.
Appellant and appellee were involved in a romantic relationship, without the benefit of marriage, from 1989 to April 1993. During that time appellant and appellee jointly purchased two separate parcels of real estate in Madison County, Ohio. The facts regarding the purchase of the parcels and the amounts expended by both parties are undisputed. The first parcel, 919 State Route 56, purchased in 1990 for $104,000 includes a residence situated on approximately 9.5 acres (the "residence"). The second parcel, purchased in 1991 for $251,937.29, is a farm made up of two separate parcels, including a 1.7 acre tract of land, a total of approximately 230 acres (the "farm"). At trial the parties stipulated that they owned the two parcels as tenants-in-common.
Following the termination of their romantic relationship, appellee filed an action for partition of the properties in the Madison County Common Pleas Court. After much procedural maneuvering, the cause came on for trial on October 12, 1996. The court entered an order of partition and directed the commissioners previously appointed to make a report. The commissioners filed their report on October 31, 1996 finding that the residence could not be divided without manifest injury to its value. The commissioners adopted the admissions of the parties in the pleadings, wherein appellant and appellee both asserted that the farm could not be divided without manifest injury. The commissioners found that the residence was appraised at $120,000 and the farm at $369,000 or $1,600 per acre. The trial court made specific findings as to the contributions made by appellee and appellant toward the farm and the residence.
The trial court found that appellee purchased the residence with her own funds at an auction sale. Appellee paid the majority of the taxes, insurance, repairs and improvements for the residence. The trial court found that appellee and appellant purchased the farm together. Appellee's total investment in the farm is $94,147.47 and appellant's total investment is $63,043.00.
In summary, the trial court ordered partition of the farm and the residence. Based on the report of the commissioners that neither property could be partitioned without manifest injury, both the farm and the residence must be sold. The trial court ordered that upon sale the net proceeds should be equally divided subject to rights of election. No order of sale has been issued by the trial court. On November 12, 1996 a stay of execution of judgment was rendered pending appeal and on November 13, 1996, appellant appealed the partition to this court. Appellant raises three assignments of error for our review.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ORDERED PARTITION OF THE PARTIES' FARM AND RESIDENCE BECAUSE THE PARTIES HAD AN ENFORCEABLE ORAL AGREEMENT TO DIVIDE THE PROPERTY WITHOUT RESORTING TO PARTITION.
Appellant argues that there was an oral agreement between himself and appellee regarding the disposition of the properties should they terminate their relationship. The trial court found that appellant did not establish by "requisite proof some degree of performance under an oral agreement that would remove the issue from the statute of frauds." Under the statute of frauds, an oral agreement to transfer real property is not valid unless there is part performance. The trial court held that what appellant termed as part performance was simply a part of his agricultural business, and that appellant's work on the farm was not in furtherance of a purported agreement.
A trial court's findings will not be reversed on appeal if there is competent, credible evidence going to all the essential elements of the case. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.2d 77, 78. It is the function of the trial court as the finder of fact to observe the demeanor of the witnesses, examine the evidence and weigh the credibility of the testimony and evidence presented. Id. Our review of the record indicates that substantial, credible evidence was presented at trial which would allow the trial court's finding that there was no oral agreement between appellee and appellant. Appellant's first assignment of error is therefore overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT HELD THAT THE PARTIES DID NOT REBUT THE PRESUMPTION THAT THEY TOOK EQUAL INTERESTS IN ALL THE SUBJECT REALTY, AND THEN IT AWARDED PLAINTIFF-APPELLEE MORE THAN FIFTY PERCENT OF THE PROCEEDS FROM PARTITION.
The trial court held that a rebuttable presumption exists that appellee and appellant took equal interest in all the subject realty in the absence of any apportionment of interests in the deeds. Spector v. Giunta (1978), 62 Ohio App.2d 137. The trial court further held that "[t]he parties have failed to rebut that presumption by requisite proof not withstanding [sic] the disproportionality of their contributions to purchase and maintenance costs."
Appellant argues that the trial court's finding that the failure to rebut the presumption mandates that the trial court divide the properties equally. However, R.C. 5307.14 in pertinent part sets forth the proper method for distribution of proceeds:
 The money or securities arising from a sale of, or an election to take an estate, shall be distributed and paid, by order of the court of common pleas, to the parties entitled thereto, in lieu of their respective parts and proportions of the estate, according to their rights therein.
The trial court was well within its discretion to follow the guidelines set forth in the statute and distribute the proceeds from a sale in lieu of the respective parts and proportions of the estate. Therefore, even though the presumption was not rebutted, the trial court acted well within its discretion in ordering that the proceeds from the sale be divided equally after the parties contributions to each of the properties, as determined by the trial court, were credited to each party. Appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO CREDIT DEFENDANT-APPELLANT FOR PAYMENTS REDUCING THE INTEREST ON THE FARM NOTE AND MORTGAGE.
Appellant in his third assignment of error argues that the trial court erred when it did not credit the interest paid on the mortgage payments by either himself or appellee. The trial court separated the principal from the interest paid and credited only the principal paid towards the mortgage. Appellant argues that Ohio law mandates that a co-tenant in partition must be credited with his interest payments on a mortgage. We disagree.
The Supreme Court of Ohio has held that "although the right to partition is controlled by statute, it is essentially equitable in nature." Russell v. Russell (1940), 137 Ohio St. 153. The trial court's decision excluded interest payments uniformly from both parties and declined to take into account the time value of money.
Appellant cites Schippacasse v. Brandt (App. 1934), 17 Ohio Law Abs. 188, a partition action in which the Ninth District Court of Appeals ordered that a co-tenant be credited with principal and interest payments made on the mortgage by the co-tenant for the benefit of the common owners. While we agree with the principle set forth in Schippacasse, we find that under the facts of this case, the equity jurisdiction vested in the trial court allowed the trial court to determine that equity would not be served by awarding interest on the money paid toward the mortgage or by allowing for the time value of money. Accordingly, appellant's third assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.