WILLIAM D. LOWE

*v.*

GUYAN EAGLE COALS, INC.

(No. 14813)

Decided December 19, 1980.

*Crandall, Pyles, Crandall & Poyourow, Bradley J. Pyles,* for appellant.

*Valentine, Wilson & Partain, William G. Wilson and Eric H. O'Briant,* for appellee.

HARSHBARGER, JUSTICE:

William D. Lowe appeals from the Logan County Circuit Court's grant of summary judgment to Guyan Eagle Coals, Inc. Lowe sued for damages for trespass and unauthorized use of his surface property by mineral rights owner Guyan Eagle. By order of April 19, 1979, the circuit court granted defendant's motion for summary judgment on pleadings, interrogatories, stipulation and affidavit by the coal company president.

In 1902 the family patriarch, Joseph Lowe, acquired two hundred nine acres in fee simple in Logan County. The surface and mineral rights were severed by a 1902 conveyance in fee to C.W. Campbell with a reconveyance by Campbell to Lowe reserving mineral and mining rights. William Lowe, who owns nineteen acres, is one of several heirs to Joseph Lowe's property; and Guyan Eagle is a successor in interest to the reserved mineral and mining rights.

For a number of years Amherst Coal Company, a Campbell successor, deep-mined on Lowe's property, built roads, power substations and structures. When this mining ceased, Lowe put a gate across the old right-of-way. Later Guyan Eagle acquired the mineral by an unrecorded assignment and by a separate, unrelated process also acquired the right to strip-mine coal from the adjacent Buffalo Creek watershed. This strip-mining operation was entirely independent of the removal of coal from the Lowe property (which was never done by Guyan Eagle), but the coal company used the old Amherst right-of-way across Lowe's property to transport men and materials to and from the strip mine.

The trial court found that the Lowe surface property is a servient estate to the dominant Guyan Eagle mineral estate and that the 1902 deed created an easement appurtenant to the coal estate which is not subject to termination.

The 1902 deed from Campbell to Lowe conveyed the original two hundred nine acres in fee simple and reserved the mineral and mining rights by the following language:

> [B]ut the party of the first part reserves to himself, his heirs, and assigns, from the operation of this deed all of the minerals, including coal, oil, gas, ores, salt water, and mineral substances of every sort in, under and upon the said tract of land hereinbefore described, together with the full and complete rights and privileges of every kind for mining, manufacturing and transporting such minerals, and other substances hereinbefore mentioned, on, through and over the said premises, and in particular the right of exploring for extracting, storing, handling and refining the said minerals and other substances, and of constructing, erecting, operating and maintaining and removing all buildings, tenements, machinery, mines, pits, and other structures required for these or any other purposes, *and also with full rights of way to, from and over said premises by the construction and use of roads, tramways, railroads, side tracks or otherwise, for the purpose of exploring, extracting, storing, handling, manufacturing, refining, shipping or transporting all of said minerals and other substances whether contained on said premises or elsewhere and for the purpose of constructing, operating and removing coal tipples, machinery and other structures for operating the same in mining said coal or other substances and for any other purposes whatsoever*, also with the full right to take and use all water, earth, stone and timbers found on said premises required for any of the above purposes.

The deed gave the grantor, his heirs or assigns, "full rights of ways to, from and over said premises by the construction and use of roads ... or otherwise, for the purpose of ... shipping or transporting all of said minerals ... whether contained on said premises or elsewhere."

This language expressly reserves the right to use the surface for transporting coal from other property. *See generally* Annotation, Right of Owner of Title to an

Interest in Minerals Under One Tract to Use Surface, or Underground Passages, in Connection with Mining Other Tract, 83 A.L.R.2d 665 (1962 and later case service). We are not faced with problems of implied easements or reservations as in *Buffalo Mining Co. v. Martin*, 165 W.Va. 10, 267 S.E.2d 721 (1980). Instead, these facts are akin to those in *West-Virginia-Pittsburgh Coal Co. v. Strong*, 129 W.Va. 832, 42 S.E.2d 46 (1947), wherein the first syllabus point is:

> In order for a usage or custom to affect the meaning of a contract in writing because within the contemplation of the parties thereto, it must be shown that the usage or custom was one generally followed at the time and place of the contract's execution.
>
> *Id.*

At Footnote 3 in *Buffalo Mining Co. v. Martin, supra* 267 S.E.2d, at 724, we interpreted the West-Virginia-Pittsburgh Coal Co. v. Strong, *supra* decision to be based on the compatibility of a mineral owner's uses of and burdens on a surface owner's estate, with the intention of the parties to the deed, a genuine question of material fact that must be resolved at trial. Summary judgment is inappropriate. *Reed v. Smith Lumber Co.*, 165 W.Va. 415, 268 S.E.2d 70 (1980), Syllabus.

It is stated, quite precisely, in 25 Am. Jur. 2d *Easements and Licenses* §77, that no use may be made of a right-of-way, different from that established at the time of its creation so as to burden the servient estate to a greater extent than was contemplated at the time of the grant. *See generally*, Annotation, Extent and Reasonableness of Use of Private Way in Exercise of Easement Granted in General Terms, 3 A.L.R.3d 1256 (1965 and supp.).

We remand this cause to the circuit court for an evidentiary hearing to determine whether the technology of hauling is so different from anything contemplated in 1902 that it overburdens the surface owner's estate and is beyond the deed's reservation: whether the burden now is alien to that generally contemplated by parties to such deeds at the time and place of its execution. If a jury determines that the present uses of the right-of-way were

within the contemplation of the parties as to potential burdens on the surface estate, Guyan Eagle is entitled to use the property as it is. If a jury finds that the burdens were beyond those contemplated and paid for, it may assess damages for the unauthorized use.

*Reversed and remanded.*