# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**February 27, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**RICHARD PHEBUS and KATHERINE PHEBUS,**
**Defendants Below, Petitioners**

**v.) No. 25-ICA-240**    (Cir. Ct. Hardy Cnty. Case No. CC-16-2021-P-36)

**GERALD SMITH and MARTHA SMITH,**
**Plaintiffs Below, Respondents**

## MEMORANDUM DECISION

Petitioners Richard Phebus and Katherine Phebus (the "Phebuses") appeal the Circuit Court of Hardy County's May 15, 2025, order denying their motion to alter or amend and the circuit court's December 27, 2024, order requiring the Phebuses to pay Respondents Gerald Smith and Martha Smith (the "Smiths") one-half of the costs to maintain a private roadway. The Smiths filed a joint response.[1] The Phebuses did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2003, the Smiths purchased their land from the heirs of Woodrow Dove. In 1956, Mr. Dove received an express right-of-way from his neighbors to use for general ingress and egress to and from his property, and Mr. Dove and his brothers constructed the road that became known as Shoestring Hollow Drive. When it was built, Shoestring Hollow Drive was wide enough for one vehicle and was rough.

In 1981, a deed from Mr. Dove to the Phebuses conveyed a right-of-way across Shoestring Hollow Drive for the purposes of ingress and egress between the Phebuses' 79.04-acre tract of land and Hardy County Route 3/2 (CR 3/2). The 1981 deed provides, in pertinent part:

---

[1] The Phebuses are represented by G. Kevin Judy II, Esq. The Smiths are represented by Kirk H. Bottner, Esq.

1

It is further understood and agreed on behalf of the parties hereto that the Grantees herein, on behalf of themselves, their heirs, successors and assigns, upon accepting this right[-]of[-]way deed, agree to pay one-half of the cost of the maintenance of said roadway from Hardy County Route 3/2 to the point on said roadway where said roadway leaves the 79.04-acre tract or parcel of real estate.

In 2004, the Smiths upgraded Shoestring Hollow Drive by widening the road to the width of two lanes, installing 18-inch culverts, adding topcoats of stone, adding a crown, and adding side ditches. At that time, the Smiths were unaware that the Phebuses had a right-of-way over Shoestring Hollow Drive as the Phebuses used another road, named Harmony Springs Lane, as their primary means of access to CR 3/2. The Smiths did not discuss the improvements with the Phebuses. Once the Smiths upgraded the roadway, the Phebuses built a cut-over road between Harmony Springs Lane and Shoestring Hollow Drive and started using Shoestring Hollow Drive as their primary means of access to CR 3/2.

In 2020, the Phebuses installed locked gates on their property, blocking the Smiths from accessing Shoestring Hollow Drive. On August 27, 2021, the Smiths filed this declaratory judgment action against the Phebuses seeking, among other things, a determination of the parties' rights to Shoestring Hollow Drive and a determination of whether the Phebuses were obligated to pay one-half of the costs to maintain the roadway. A bench trial was held on April 20-21, 2023, and in its March 29, 2024, Order Following Bench Trial, the circuit court determined that the Phebuses and the Smiths both had the nonexclusive rights to use Shoestring Hollow Drive for access to CR 3/2, and that the Phebuses were obligated to pay one-half of the roadway's maintenance costs. The court further ordered that the parties confer to determine a reasonable amount the Phebuses owe for those maintenance costs.[2] The parties were unable to reach an agreement and on September 13, 2024, the circuit court held an evidentiary hearing to determine the amount of maintenance costs due. In its December 27, 2024, order, the circuit court determined that beginning in 2025, both parties would be responsible to equally share in one-half of the reasonable costs to maintain Shoestring Hollow Drive. The circuit court further determined that no maintenance costs were owed for the period 2004-2020, and that the Phebuses owed half of the maintenance costs actually incurred by the Smiths, if any, from July 1, 2020, through December 27, 2024.

Pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure, the Phebuses filed a motion to alter or amend the December 27, 2024, order claiming that requiring the Phebuses to pay one-half of the road maintenance costs was contrary to established West

_____

[2] The Phebuses did not appeal the March 29, 2024, order.

2

Virginia law. In its May 15, 2025, order, the circuit court denied the motion, and this appeal of the May 15, 2025, and December 27, 2024, orders followed.

The Supreme Court of Appeals of West Virginia ("SCAWV") provides our standard of review for the orders on appeal:

> The standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed.

Syl. Pt. 1, *Wickland v. Am. Travellers Life Ins. Co.*, 204 W. Va. 430, 513 S.E.2d 657 (1998). The December 27, 2024, order is the underlying judgment on appeal, and it results from a bench trial on the issue of road maintenance costs. Thus, we review the December 27, 2024, order and the ultimate disposition for abuse of discretion and factual findings under a clearly erroneous standard. Questions of law are reviewed de novo. *See* Syl. Pt. 1, *Pub. Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996) ("The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review."). In addition we recognize that "[a] motion under Rule 59(e) of the West Virginia Rules of Civil Procedure should be granted where: (1) there is an intervening change in controlling law; (2) new evidence not previously available comes to light; (3) it becomes necessary to remedy a clear error of law or (4) to prevent obvious injustice." Syl. Pt. 2, *Mey v. Pep Boys-Manny, Moe & Jack*, 228 W. Va. 48, 717 S.E.2d 235 (2011). Mindful of these standards, we address the parties' arguments.[3]

In their first assignment of error, the Phebuses assert that the circuit court erred in denying their Rule 59(e) motion and in finding that they owe maintenance costs to the Smiths because that ruling was against established West Virginia law, which bars individuals from expanding or improving a right-of-way to the detriment of the servient estate. Conversely, the Smiths argue that improvements to Shoestring Hollow Drive did not change the nature of the roadway or how the parties use it. Thus, the Phebuses have not

---

[3] While the Phebuses attached both the underlying December 27, 2024, order and the May 15, 2025, order denying their motion to alter or amend to their notice of appeal, in the assignments of error in their brief, the Phebuses only address the May 15, 2025, order denying their motion to alter or amend. Accordingly, our substantive review is limited to that order. *See Goff v. Smith*, No. 23-ICA-299, 2024 WL 4052866, at *4 (W. Va. Ct. App. Sept. 4, 2024) (memorandum decision) (noting that the Court would not address the merits of order attached to notice of appeal but not addressed in the petitioner's brief).

established the necessity to remedy a clear error of law or the need to prevent an obvious injustice as Rule 59(e) requires. We agree with the Smiths.

In the case of *Lowe v. Guyan Eagle Coals, Inc.*, the SCAWV held "[n]o use may be made of a right-of-way different from that established at the time of its creation so as to burden the servient estate to a greater extent than was contemplated at the time of the grant." Syl. Pt. 2, *Lowe v. Guyan Eagle Coals, Inc.*, 166 W.Va. 265, 273 S.E.2d 91 (1980). The Phebuses argue that at the time of the 1981 deed that requires them to pay half of the maintenance costs, Shoestring Hollow Drive was one lane and rough, but that the upgrades transformed Shoestring Hollow Drive into a much different roadway. The Phebuses further argue that the improvements have caused additional burden to their servient estate because they now are required to pay ongoing maintenance costs for a road that is not the same as it was in 1981. However, the holding in *Lowe* indicates that the Phebuses must show a change in the roadway's use, not just that it looks different today. The record demonstrates that current use of Shoestring Hollow Drive is for the same purpose as contemplated in the 1981 right-of-way deed—general ingress and egress to and from Hardy CR 3/2. Moreover, the holding in *Lowe* indicates that the Phebuses must further show an additional burden to their servient estate. The record demonstrates that the upgrades to Shoestring Hollow Drive do not burden the Phebuses' servient estate but rather the improvements benefit the Phebuses' property by providing a more functional and reliable means of access to Hardy CR 3/2. Indeed, after the improvements were completed, the Phebuses built a cut-off from Harmony Springs Lane to Shoestring Hollow Drive, and they began using Shoestring Hollow Drive to access HCR 3/2 after the upgrades were completed. For these reasons, we conclude that the Phebuses have not established a change in the use of Shoestring Hollow Drive that creates an additional burden to their servient estate and thus, have not established the need to remedy a clear error of law or to prevent an obvious injustice as required under Rule 59(e).

In their second assignment of error, the Phebuses assert that the circuit court erred in denying their Rule 59(e) motion because "the doctrine of laches or some other such defense regarding abandonment of a contractual clause" should apply. The Smiths, on the other hand, argue that laches was not raised below and cannot be raised for the first time on appeal. We agree with the Smiths.

Generally, we will not consider nonjurisdictional questions raised for the first time on appeal. *See Whitlow v. Bd. of Educ. of Kanawha Cnty.,* 190 W. Va. 223, 226, 438 S.E.2d 15, 18 (1993) ("Our general rule in this regard is that, when nonjurisdictional questions have not been decided at the trial court level and are then first raised before this Court, they will not be considered on appeal."); *PITA, LLC v. Segal*, 249 W. Va. 26, 40, 894 S.E.2d 379, 393 (Ct. App. 2023) (noting that as a general rule, an appellate court will not consider an issue raised for the first time on appeal). Exceptions to this general rule include issues involving subject matter jurisdiction, plain error, or important constitutional questions,

4

none of which are applicable here. The Phebuses admit that laches was not explicitly raised below but they contend it was raised implicitly in briefings to the circuit court and at hearings. Based on our review, the record does not support the Phebuses' assertion that laches was raised below by implication. Since we find that laches was not raised below, we will not consider the question of laches for the first time on appeal.

Based on the foregoing, we find no error in the circuit court's conclusion that the Phebuses are obligated to pay one-half of the reasonable costs to maintain Shoestring Hollow Drive starting in 2025 and one-half of the actual maintenance costs incurred, if any, between July 1, 2020, and December 27, 2024. Further, we conclude that the Phebuses failed to establish that the circuit court erroneously denied their Rule 59(e) motion.

Accordingly, the circuit court's December 27, 2024, and May 15, 2025, orders are affirmed.

Affirmed.

**ISSUED:** February 27, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White